UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COREY BURGESS, | ) 1:12-cv—00777-AWI-SKO-HC |
| | ) |
| Petitioner, | ) FINDINGS AND RECOMMENDATIONS TO |
| | ) DENY PETITIONER'S EMERGENCY |
| | ) MOTION FOR TEMPORARY RESTRAINING |
| v. | ) ORDER (DOC. 10) |
| | ) |
| HECTOR ALFONZO RIOS, | ) <u>OBJECTIONS DEADLINE:</u> |
| | ) <u>THIRTY (30) DAYS</u> |
| Respondents. | ) |
| | ) |

Petitioner is a federal prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C.§ 636(b)(1) and Local Rules 302 and 303. Pending before the Court is Petitioner's motion for a temporary restraining order, which was filed on June 21, 2012.

I. <u>Background</u>

Petitioner's petition was filed on May 11, 2012. On May 30, 2012, the Court directed Respondent to file an answer. On June 21, 2012, Petitioner filed his motion for a temporary restraining order, which was not served on Respondent.

1

1          II.   <u>Petitioner's Motion for a Temporary Restraining Order</u>
2          Petitioner, an inmate of the United States Penitentiary at
3   Atwater, California (USPA), asserts generally that he is being
4   assaulted with excessive force by a number of named staff members
5   in the Security Housing Unit and has been intimidated and
6   threatened by exposure to gas and munitions from a bean bag gun.
7   (Mot., doc. 10, 1-2.)  Further, he has been placed in solitary
8   confinement and has been denied various privileges, such as
9   recreation, showers, and access to his legal materials and the
10  law library.  Petitioner asserts that his mistreatment is in
11  retaliation for his having filed habeas petitions and having
12  given guidance to other inmates.  (<u>Id.</u> at 2.)  On June 17, 2012,
13  Petitioner alleges that named staff used excessive force when
14  pulling on him in response to Petitioner's refusal to exercise as
15  directed; he was also subjected to a false disciplinary report.
16  (<u>Id.</u> at 4-6.)  Finally, other named officers have stated to other
17  inmates that Petitioner is a snitch because he uses the
18  administrative remedy process, thereby endangering Petitioner's
19  life.  (<u>Id.</u> at 7.)
20         A review of Petitioner's motion for a temporary restraining
21  order demonstrates that Petitioner is challenging the conditions
22  of his confinement, not the fact or duration of that confinement.
23  Relief by way of a writ of habeas corpus pursuant to 28 U.S.C. §
24  2241 extends to a prisoner who shows that the custody violates
25  the Constitution, laws, or treaties of the United States.  28
26  U.S.C. § 2241(c)(3).  A federal court may not entertain an action
27  over which it has no jurisdiction.  <u>Hernandez v. Campbell</u>, 204
28  F.3d 861, 865 (9th Cir. 2000).

                                    2

Relief by way of a writ of habeas corpus extends to a person in custody under the authority of the United States if the petitioner can show that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(1) & (3). Specifically, a habeas corpus action is the proper mechanism for a prisoner to challenge the fact or duration of his confinement. Preiser v. Rodriguez, 411 U.S. 475, 485 (1973); Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991); Tucker v. Carlson, 925 F.2d 330, 332 (9th Cir. 1990). However, to the extent that the prisoner seeks damages or injunctive relief for civil rights violations, the prisoner's claim or claims are properly brought in an action pursuant to Bivens v. Six Unknown Named Narcotics Agents, 403 U.S. 388 (1971). See, Tucker v. Carlson, 925 F.2d at 332.

Because in the motion Petitioner seeks to challenge the conditions of his confinement, and not the legality or duration of his confinement, these particular claims are cognizable in a Bivens action rather than in a petition for writ of habeas corpus. Accordingly, it will be recommended that the motion for a temporary restraining order be denied.

III. Recommendation

In accordance with the foregoing, it is RECOMMENDED that:

1) Petitioner's motion for a temporary restraining order be DENIED.

These findings and recommendations are submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court,

3

Eastern District of California.  Within thirty (30) days after being served with a copy, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Replies to the objections shall be served and filed within fourteen (14) days (plus three (3) days if served by mail) after service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   July 3, 2012**               /s/ Sheila K. Oberto
                                   UNITED STATES MAGISTRATE JUDGE