1
2
3
4
5                 UNITED STATES DISTRICT COURT

6                 EASTERN DISTRICT OF CALIFORNIA

7
8
COREY BURGESS,                    ) 1:12-cv—00777-AWI-SKO-HC
9                                 )
              Petitioner,         ) ORDER ADOPTING FINDINGS AND
10                                ) RECOMMENDATIONS RE: PETITIONER'S
                                  ) MOTION FOR A TEMPORARY
11      v.                        ) RESTRAINING ORDER (DOCS. 11, 10)
                                  )
12  HECTOR ALFONZO RIOS, Warden,  ) ORDER DENYING PETITIONER'S MOTION
                                  ) FOR A TEMPORARY RESTRAINING ORDER
13            Respondent.         ) (DOC. 10)
                                  )
14  _____) ORDER DEEMING PETITIONER'S MOTION
                                    TO PRODUCE TO BE A MOTION FOR A
15                                  TEMPORARY RESTRAINING ORDER (DOC.
                                    25)
16
                                    ORDER DENYING PETITIONER'S MOTION
17                                  FOR A TEMPORARY RESTRAINING ORDER
                                    (DOC. 25)
18
19      Petitioner is a federal prisoner proceeding pro se and in

20  forma pauperis with a petition for writ of habeas corpus pursuant

21  to 28 U.S.C. § 2241.  The matter was referred to the Magistrate

22  Judge pursuant to 28 U.S.C. § 636(b)(1) and Local Rules 302

23  through 304.  An answer to the petition has been filed, and

24  Petitioner filed a traverse to the answer on September 24, 2012.

25      Pending before the Court are the Magistrate Judge's findings

26  and recommendations as well as an additional motion for

27  injunctive relief subsequently filed by Petitioner, which the

28  Court in its discretion chooses to address in this order in the

                                1

1 interest of the efficient administration of justice.

2     I. <u>Findings and Recommendations</u>

3     On July 5, 2012, the Magistrate Judge filed findings and

4 recommendations to deny Petitioner's motion for a temporary

5 restraining order.  The findings and recommendations were served

6 on all parties on the same date.  The findings and

7 recommendations permitted the filing of objections within thirty

8 days.

9     On August 20, 2012, Petitioner filed objections to the

10 findings and recommendations, which the Court will consider to

11 have been timely filed.  In the objections, Petitioner makes

12 vague, generalized allegations regarding abuse by unidentified

13 prison staff which he alleges that he has suffered as retaliation

14 for having filed this petition and another petition.  Petitioner

15 seeks protection against this retaliation and against corporal

16 punishment and retaliatory transfers.  Petitioner alleges that he

17 is pursuing administrative remedies as to the alleged abuse.

18     In accordance with the provisions of 28 U.S.C. § 636

19 (b)(1)(C), this Court has conducted a *de novo* review of the case.

20 The undersigned has carefully reviewed the entire file and has

21 considered the objections; the undersigned has determined there

22 is no need to modify the findings and recommendations based on

23 the points raised in the objections.  The Court finds that the

24 report and recommendations are supported by the record and proper

25 analysis.

26     Accordingly, the findings and recommendations to deny

27 Petitioner's request for a temporary restraining order (doc. 10)

28 will be adopted in full.

    II.   <u>Additional Motion for a Temporary Restraining Order</u>

    On August 14, 2012, Petitioner filed a document styled as a letter or motion to produce.  (Doc. 25.)  In the document, Petitioner seeks a temporary restraining order against several named Bureau of Prison staff members at the Federal Correctional Institution at Mendota (FCIM), including a case manager, a unit manager, the warden, an associate warden, and others who remain unnamed.  (<u>Id.</u> at 1.)  Petitioner asserts generally that he has been the victim of unspecified harassment, physical abuse, withholding of legal documents, withholding of carbon copy paper for him to use to duplicate his own copies, and separation from his personal property due to having been in transit status.  He alleges that when he refused to agree with an unspecified ultimatum or stipulation, the warden deployed the "use of force team" against Petitioner and put Petitioner in solitary confinement in leg and body restraints.  (<u>Id.</u> at 4.)  Petitioner seeks an injunction requiring the warden to fine the named BOP staff members, pay Petitioner restitution, transfer Petitioner to another institution, produce unspecified legal documents which Petitioner provided to them, and explain to the Court why the documents cannot be produced.  Petitioner further seeks an order holding the prison staff and authorities responsible for any destruction of the documents.

    Petitioner's letter or motion to produce is DEEMED to be a motion for a temporary restraining order.

    With respect to Petitioner's motion for a temporary restraining order, a review of the motion demonstrates that Petitioner is challenging the conditions of his confinement, and

1    not the fact or duration of that confinement.

2    It is established that relief by way of a writ of habeas

3    corpus pursuant to 28 U.S.C. § 2241 extends to a prisoner who

4    shows that the custody violates the Constitution, laws, or

5    treaties of the United States.  28 U.S.C. § 2241(c)(3).

6    A federal court may not entertain an action over which it

7    has no jurisdiction.  Hernandez v. Campbell, 204 F.3d 861, 865

8    (9th Cir. 2000).

9    Relief by way of a writ of habeas corpus extends to a person

10   in custody under the authority of the United States if the

11   petitioner can show that he is "in custody in violation of the

12   Constitution or laws or treaties of the United States."  28

13   U.S.C. § 2241(c)(1) & (3).  Specifically, a habeas corpus action

14   is the proper mechanism for a prisoner to challenge the fact or

15   duration of his confinement.  Preiser v. Rodriquez, 411 U.S. 475,

16   485 (1973); Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991);

17   Tucker v. Carlson, 925 F.2d 330, 332 (9th Cir. 1990).  However,

18   to the extent that the prisoner seeks damages or injunctive

19   relief for civil rights violations, the prisoner's claim or

20   claims are properly brought in an action pursuant to Bivens v.

21   Six Unknown Named Narcotics Agents, 403 U.S. 388 (1971).  See,

22   Tucker v. Carlson, 925 F.2d at 332.

23   Since Petitioner's motion seeks to challenge the conditions

24   of his confinement, and not the legality or duration of his

25   confinement, these particular claims are cognizable in a Bivens

26   action rather than in a petition for writ of habeas corpus.

27   Accordingly, the motion for a temporary restraining order

28   will be denied.

4

III.   Disposition

Accordingly, it is hereby ORDERED that:

1.   The Findings and Recommendations filed on July 5, 2012, are ADOPTED in full; and

2.   Petitioner's motion for a temporary restraining order (doc. 10) is DENIED; and

3.   Petitioner's letter or motion to produce (doc. 25) is DEEMED to be a motion for a temporary restraining order; and

4.   Petitioner's motion for a temporary restraining order (doc. 25) is DENIED.

IT IS SO ORDERED.

Dated:   October 26, 2012   _____

CHIEF UNITED STATES DISTRICT JUDGE