UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| COREY BURGESS, | ) | 1:12-cv—00777-AWI-SKO-HC |
| | ) | |
| Petitioner, | ) | FINDINGS AND RECOMMENDATIONS TO |
| | ) | DENY PETITIONER'S MOTIONS FOR AN |
| | ) | ORDER TO SHOW CAUSE RE: TRANSFER |
| v. | ) | (DOCS. 35, 36) |
| | ) | |
| HECTOR ALFONZO RIOS, | ) | <u>OBJECTIONS DEADLINE:</u> |
| | ) | <u>THIRTY (30) DAYS</u> |
| Respondents. | ) | |
| | ) | |

Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C.§ 636(b)(1) and Local Rules 302 and 303. Pending before the Court are Petitioner's motions to direct Respondent to show cause why it was necessary to transfer Petitioner, which were filed on October 29, 2012, and November 6, 2012. The two motions are substantively identical in all respects. Petitioner served his second motion on the Respondent. (Doc. 36, 2.) Respondent did not file any opposition.

I. <u>Background</u>

Petitioner's petition was filed on May 11, 2012. On May 30,

1

2012, the Court directed Respondent to file an answer. On August 30, 2012, Respondent answered the petition. Petitioner filed a traverse on September 24, 2012. In the instant motions, Petitioner seeks this Court to direct Respondent to show cause why it is necessary to transfer Petitioner. After the filing of the instant motions, Petitioner filed notices of two changes of address which indicated that he had ultimately been transferred to a federal correctional institution in Florence, Colorado.

II. <u>Petitioner's Motion for Injunctive Relief</u>

Petitioner's petition addresses his sentence computation and security classification. (Ans., doc. 28, 1.) His motions address the necessity of transferring Petitioner and seek an order directing the Respondent to show cause why any such transfer is necessary. It thus appears that Petitioner is seeking injunctive relief against the warden of his previous institution of confinement in connection with the choice of Petitioner's custodial institution. It appears that Petitioner is challenging the conditions of his confinement, and not the fact or duration of that confinement.

A federal court may not entertain an action over which it has no jurisdiction. <u>Hernandez v. Campbell</u>, 204 F.3d 861, 865 (9th Cir. 2000). Relief by way of a writ of habeas corpus extends to a person in custody under the authority of the United States if the petitioner can show that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(1) & (3). Specifically, a habeas corpus action is the proper mechanism for a prisoner to challenge the fact or duration of his confinement. <u>Preiser v. Rodriguez</u>,

411 U.S. 475, 485 (1973); <u>Badea v. Cox</u>, 931 F.2d 573, 574 (9th Cir. 1991); <u>Tucker v. Carlson</u>, 925 F.2d 330, 332 (9th Cir. 1990). However, to the extent that the prisoner seeks damages or injunctive relief for civil rights violations, the prisoner's claim or claims are properly brought in an action pursuant to <u>Bivens v. Six Unknown Named Narcotics Agents</u>, 403 U.S. 388 (1971). <u>See</u>, <u>Tucker v. Carlson</u>, 925 F.2d at 332.

Petitioner seeks to challenge the conditions of his confinement, and not the legality or duration of his confinement. These particular claims are cognizable in a <u>Bivens</u> action rather than in a petition for writ of habeas corpus. Further, the Court notes that Petitioner's own submissions in this case reflect that Petitioner has already been transferred. Thus, the Court can no longer give any effective relief with respect to the transfer anticipated by Petitioner because the transfer has already been effected.

Petitioner's motions are thus essentially moot. A petition for writ of habeas corpus is moot where a petitioner's claim for relief cannot be redressed by a favorable decision of the court issuing a writ of habeas corpus. <u>Burnett v. Lampert</u>, 432 F.3d 996, 1000-01 (9th Cir. 2005) (quoting <u>Spencer v. Kemna</u>, 523 U.S. 1, 7 (1998)). Mootness is jurisdictional. <u>See</u>, <u>Cole v. Oroville Union High School District</u>, 228 F.3d 1092, 1098-99 (9th Cir. 2000). Thus, a moot petition must be dismissed because nothing remains before the Court to be remedied. <u>Spencer v. Kemna</u>, 523 U.S. 1, 18 (1998).

To the extent that Petitioner seeks relief in the form of orders to his previous custodian concerning transfer,

3

Petitioner's claim is moot and should be dismissed. Accordingly, it will be recommended that the motion for injunctive relief be denied.

### III. Recommendation

In accordance with the foregoing, it is RECOMMENDED that Petitioner's motion for injunctive relief be DENIED.

These findings and recommendations are submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the objections shall be served and filed within fourteen (14) days (plus three (3) days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   January 8, 2013**               /s/ Sheila K. Oberto
                                           UNITED STATES MAGISTRATE JUDGE

4