1

2

3

4

5

6                          **UNITED STATES DISTRICT COURT**

7                          **EASTERN DISTRICT OF CALIFORNIA**

8

9

10

11   COREY BURGESS,                        Case No. 1:12-cv-00777-AWI-SKO-HC

12          Petitioner,                    FINDINGS AND RECOMMENDATIONS TO
                                           DENY PETITIONER'S MOTION FOR LEAVE
13       v.                                TO FILE AN AMENDED PETITION
                                           (DOC. 44)
14
     HECTOR ALFONZO RIOS,                  **OBJECTIONS DEADLINE:**
15                                         **THIRTY (30) DAYS**
            Respondent.
16

17

18        Petitioner is a federal prisoner proceeding pro se and in forma

19   pauperis with a petition for writ of habeas corpus pursuant to 28

20   U.S.C. § 2241.  The matter has been referred to the Magistrate Judge

21   pursuant to 28 U.S.C. § 636(b)(1) and Local Rules 302 through 304.

     Pending before the Court is a motion filed by Petitioner on February
22
     18, 2014, in which Petitioner seeks leave to amend his "complaint,"
23
     which the Court understands to be a motion for leave to file an
24
     amended petition.  Respondent filed opposition to the motion on June
25
     5, 2014.  Although the fourteen-day period for filing a reply has
26
     passed, no reply has been filed.
27
     ///
28

                                          1

I.  <u>Background</u>

In the petition filed on May 11, 2012, Petitioner challenged the Federal Bureau of Prison's (BOP's) calculation of his release date based on specific elements of the calculated release date.  He also challenged the BOP's failure to grant his request to be placed in a residential re-entry center (RRC) or community correctional center (CCC) instead of a federal prison.  (Doc. 1.)

On August 30, 2012, Respondent filed an answer addressing the merits of the petition with respect to Petitioner's specific sentence computations.  Respondent argued that Petitioner's claim(s) regarding his placement should be dismissed for failure to exhaust administrative remedies and because this Court would lack subject matter jurisdiction to review the BOP's discretionary placement of Petitioner a federal prison.

Petitioner filed a traverse on the merits on September 29, 2012.

II.  <u>Motion to Amend the Petition</u>

Petitioner seeks to amend the petition to allege that the BOP has incorrectly applied the law concerning Petitioner's good conduct credit and RRC or CCC placement, transferred Petitioner in a retaliatory manner, unfairly placed Petitioner in special management unit housing status and thereby impeded RRC or CCC placement, and obstructed Petitioner's attempt to exhaust his administrative remedies concerning these issues.  (Doc. 47.)  Petitioner seeks monetary damages of $50,000.00 as a punitive settlement for allegedly unconstitutional conditions of confinement.  (<u>Id.</u> at 55-59, 68.)

///

2

A petition for a writ of habeas corpus may be amended or supplemented as provided in the rules of procedure applicable to civil actions to the extent that the civil rules are not inconsistent with any statutory provisions or the rules governing section 2254 cases.  28 U.S.C. § 2242; Rule 12 of the Rules Governing Section 2254 Cases in the United States District Courts (Habeas Rules).  Fed. R. Civ. P. 15(a) may be used to permit the petitioner to amend the petition.  Withrow v. Williams, 507 U.S. 680, 696 n.7 (1993).  Fed. R. Civ. P. 15(a) provides that a party may amend its pleading once as a matter of course within twenty-one days after service of the pleading, a required responsive pleading, or a motion under Rule 12(b), (e), or (f), whichever is earlier; in all other cases, a party may amend its pleading only with the opposing party's written consent or the Court's leave.  Further, the Court should freely give leave when justice so requires.

Factors to be considered when ruling on a motion to amend a habeas corpus petition include bad faith, undue delay, prejudice to the opposing party, futility of the amendment, and whether or not the party has previously amended his pleadings.  Bonin v. Calderon, 59 F.3d 815, 845 (9th Cir. 1995).  Amendment may be disallowed if the amendment would be futile, such as where the amended matter is duplicative or patently frivolous, or where the pleading presents no new facts but only new theories and provides no satisfactory explanation for failure to fully develop the contentions.  Ibid.  Amendment may be prohibited to avoid a court's having to entertain piecemeal litigation or collateral proceedings advanced with a purpose to vex, harass, or delay.  Franklin v. Murphy, 745 F.2d 1221, 1235-1236 (9th Cir. 1984).

3

A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted.  Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

Here, Respondent opposes the motion, and the Court's leave is required.

A.  Conditions of Confinement

Petitioner's proposed first amended petition is a lengthy, narrative document with generalized assertions concerning the impropriety of his release date.  (Doc. 47, lodged on March 18, 2014.)  However, review of his allegations and the attached documentation of Petitioner's attempts to exhaust his administrative remedies within the BOP shows that Petitioner seeks to add claims concerning Petitioner's conditions of confinement, including but not limited to allegedly retaliatory, discriminatory, or vindictive treatment with respect to the prison's administrative appeal process, Petitioner's placement in a security management unit, and the failure to place Petitioner in a CCC or RRC.

A federal court may not entertain an action over which it has no jurisdiction.  Hernandez v. Campbell, 204 F.3d 861, 865 (9th Cir. 2000).

Relief by way of a writ of habeas corpus extends to a person in custody under the authority of the United States if the petitioner can show that he is "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(1) & (3).  A habeas corpus action is the proper mechanism for challenging the fact or duration of a prisoner's confinement.  Preiser v. Rodriguez, 411 U.S. 475, 485 (1973); Tucker v. Carlson, 925 F.2d

4

330, 332 (9th Cir. 1990) (Bivens[1] action that a claim that time spent serving a state sentence should have been credited against a federal sentence concerned the fact or duration of confinement and should have been construed as a petition for writ of habeas corpus pursuant to § 28 U.S.C. § 2241, but to the extent the complaint sought damages for civil rights violations, it should be construed as a Bivens action); Crawford v. Bell, 599 F.2d 890, 891-892 (9th Cir. 1979) (upholding dismissal of a petition challenging conditions of confinement and noting that writ of habeas corpus has traditionally been limited to attacks upon the legality or duration of confinement); see, Greenhill v. Lappin, 376 Fed. Appx. 757, 757-58 (9th Cir. 2010) (unpublished) (appropriate remedy for a federal prisoner's claim that relates to the conditions of his confinement is a civil rights action under Bivens; but see, Bostic v. Carlson, 884 F.2d 1267, 1269 (9th Cir. 1989) (habeas corpus is available pursuant to § 2241 for claims concerning denial of good time credits from subjection to greater restrictions of liberty, such as disciplinary segregation, without due process of law); Cardenas v. Adler, 2010 WL 2180378 (No.1:09-cv-00831-AWI-JLT-HC, May 28, 2010) (petitioner's challenge to constitutionality of sanction of disciplinary segregation and his claim that disciplinary proceedings were the product of retaliation by prison staff were cognizable in a habeas proceeding pursuant to § 2241).

Claims concerning various prison conditions brought pursuant to § 2241 have been dismissed in this district for lack of subject matter jurisdiction with indications that an action pursuant to

---

[1] The reference is to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971).

Bivens is appropriate.  See, e.g., Dyson v. Rios, 2010 WL 3516358,
*3 (E.D.Cal. Sept. 2, 2010) (a claim challenging placement in a
special management housing unit in connection with a disciplinary
violation); Burnette v. Smith, 2009 WL 667199 at *1 (E.D.Cal. Mar.
13, 2009) (a petition seeking a transfer and prevention of
retaliation by prison staff); Evans v. U.S. Penitentiary, 2007 WL
4212339 at *1 (E.D.Cal. Nov. 27, 2007) (claims brought pursuant to
§ 2241 regarding a transfer and inadequate medical care).

     To the extent Petitioner attempts to add claims based on BOP
actions in custodial institutions in other districts, Petitioner
appears to have undertaken administrative appeals regarding those
actions in other institutions and has access to relief by way of
§ 2241 in the districts where Petitioner is confined and where the
conduct of which Petitioner complains has occurred.

     Insofar as Petitioner seeks to add to this ongoing habeas
proceeding claims concerning conditions of confinement, those claims
do not relate to the legality or duration of his confinement.
Petitioner seeks monetary and punitive damage for conditions of
confinement that he alleged he endured in the course of his attempts
to exhaust administrative remedies as to the BOP's discretionary
placement decision.  Because these claims relate solely to the
conditions of his confinement, they are properly raised in a Bivens
action and lie without the core of habeas jurisdiction pursuant to §
2241.
///
///
///
///

6

B.   <u>Absence of Subject Matter Jurisdiction to Review</u>
     <u>Discretionary Placement Decisions of BOP</u>

At the core of the new claims are the BOP's decision or decisions concerning Petitioner's placement in custodial institutions and programs.

Congress has mandated that the BOP, under the direction of the Attorney General, shall manage and regulate all federal penal and correctional institutions.  18 U.S.C. § 4042(a)(1).  Congress has also delegated to the BOP the authority to designate the institution of confinement.  Title 18 U.S.C. § 3621(b) provides in pertinent part as follows:

> (b) The Bureau of Prisons shall designate the place of the prisoner's imprisonment.  The Bureau may designate any available penal or correctional facility that meets minimum standards of health and habitability established by the Bureau, whether maintained by the Federal Government or otherwise and whether within or without the judicial district in which the person was convicted, that the Bureau determines to be appropriate and suitable, considering-
>
> 1) the resources of the facility contemplated;
>
> 2) the nature and circumstances of the offense;
>
> 3) the history and characteristics of the prisoner;
>
> 4) any statement by the court that imposed sentence-
>
>> A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or
>>
>> B) recommending a type of penal or correctional facility as appropriate; and
>
> 5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.

7

> In designating the place of imprisonment or making transfers under this subsection, there shall be no favoritism given to prisoners of high social or economic status.  The Bureau may at any time, having regard for the same matters, direct the transfer of a prisoner from one penal or correctional facility to another.

18 U.S.C. § 3621(b).

In Reeb v. Thomas, 636 F.3d 1224 (9th Cir. 2010), a federal prisoner brought a claim pursuant to 28 U.S.C. § 2241 alleging BOP had abused its discretion in expelling him from a residential drug abuse program (RDAP).  The Petitioner sought re-admission into the RDAP and a twelve-month reduction in sentence upon successful completion of the program.  The court held that 18 U.S.C. § 3625 precludes judicial review of discretionary, individualized RDAP determinations made by the BOP pursuant to 18 U.S.C. § 3621, which provide BOP discretion to determine RDAP eligibility and entitlement to sentence reductions for program participation.  The court based its decision on provisions of the Administrative Procedure Act (APA) that provided a cause of action for persons suffering legal wrong or adverse effect from agency action, but which withdrew the cause of action to the extent that the pertinent statute "preclude[s] judicial review" or "the agency action is committed to agency discretion by law."  Reeb v. Thomas, 636 F.3d at 1226; 5 U.S.C. §§ 702, 701(a).  The court also relied on 18 U.S.C. § 3625, which stated in pertinent part that the provisions of 5 U.S.C. §§ 701 through 706  "do not apply to the making of any determination,

8

decision, or order under this subchapter."  Reeb, 636 F.3d at 1226

(quoting 18 U.S.C. § 3625).  The court stated as follows:

> There is no ambiguity in the meaning of 18 U.S.C. § 3625.
> The plain language of this statute specifies that the
> judicial review provisions of the APA, 5 U.S.C. §§ 701-
> 706, do not apply to "any determination, decision, or
> order" made pursuant to 18 U.S.C. §§ 3621-3624. The BOP
> has authority to manage inmate drug treatment programs,
> including RDAP, by virtue of 18 U.S.C. § 3621. To find
> that prisoners can bring habeas petitions under 28 U.S.C.
> § 2241 to challenge the BOP's discretionary determinations
> made pursuant to 18 U.S.C. § 3621 would be inconsistent
> with the language of 18 U.S.C. § 3625.  Accordingly, any
> substantive decision by the BOP to admit a particular
> prisoner into RDAP, or to grant or deny a sentence
> reduction for completion of the program, is not reviewable
> by the district court. The BOP's substantive decisions to
> remove particular inmates from the RDAP program are
> likewise not subject to judicial review.

Id. at 1227.  The court emphasized that the RDAP decisions

challenged in that case were matters properly left to the BOP's

discretion.   Id.

This case is analogous with Reeb.  Pursuant to § 3621(b), the

designation of an institution of confinement, including placement in

a security management unit, is a matter within the discretion of the

BOP.  This Court lacks subject matter jurisdiction to review the

BOP's discretionary, individualized decisions concerning

Petitioner's placement in a prison, Petitioner's placement in a

security management unit, and the failure to place Petitioner in a

CCC or RRC.  Accordingly, it would be futile to permit amendment of

the petition to allege such claims because they relate to conditions

of confinement and discretionary determinations that are beyond the

scope of review in a proceeding pursuant to § 2241.

///

9

1    Denial of Petitioner's motion to amend would constitute a

2    determination that there was no federal forum in habeas corpus for

3    Petitioner's additional claims.  Therefore, the undersigned will

4    proceed by way of findings and recommendations, and it will be

5    recommended that Petitioner's motion to amend the petition be

6    denied.

7        III.   <u>Recommendations</u>

8    In accordance with the foregoing, it is RECOMMENDED that

9    Petitioner's motion to amend the petition be DENIED.

10   These findings and recommendations are submitted to the United

11   States District Court Judge assigned to the case, pursuant to the

12   provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local

13   Rules of Practice for the United States District Court, Eastern

14   District of California.  Within thirty (30) days after being served

15   with a copy, any party may file written objections with the Court

16   and serve a copy on all parties.  Such a document should be

17   captioned "Objections to Magistrate Judge's Findings and

18   Recommendations."  Replies to the objections shall be served and

19   filed within fourteen (14) days (plus three (3) days if served by

20   mail) after service of the objections.  The Court will then review

21   the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).

22   The parties are advised that failure to file objections within the

23   specified time may waive the right to appeal the District Court's

24   order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

25

26   IT IS SO ORDERED.

27   Dated:   **August 1, 2014**                    **/s/ Sheila K. Oberto**

28                                        UNITED STATES MAGISTRATE JUDGE

10