# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COREY BURGESS,<br><br>            Petitioner,<br><br>     v.<br><br>WARDEN PAUL COPENHAVER,<br><br>            Respondent. | Case No. 1:12-cv-00777-AWI-SKO-HC<br><br>ORDER SUBSTITUTING WARDEN PAUL COPENHAVER AS RESPONDENT<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS IN PART AND TO DENY THE PETITION FOR WRIT OF HABEAS CORPUS (DOC. 1) AND TO ENTER JUDGMENT FOR RESPONDENT<br><br>**OBJECTIONS DEADLINE:**<br>**THIRTY (30) DAYS** |

   Petitioner is a federal prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  The matter was referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and Local Rules 302 through 304.  Pending before the Court is the petition filed on May 11, 2012.  Respondent filed an answer on August 30, 2012.  Petitioner filed a traverse on September 24, 2012.

   I.   Jurisdiction and Order Substituting Respondent

   Because the petition was filed after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), the AEDPA applies to the petition.  Lindh v.

1

Murphy, 521 U.S. 320, 327 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997).

Petitioner alleges his release date has been miscalculated because the BOP 1) improperly computed the date of commencement of his sentence as the date his sentence was imposed, rather than waiting until the day he arrived at his designated institution; 2) failed to award prior custody credit for time spent serving a state sentence of shock incarceration; and 3) failed to deduct from his sentence all prior custody credits that have been awarded, as well as good conduct time (GCT). Petitioner further contends that the BOP improperly designated him to a high-security penitentiary; instead, he should be transferred to a residential drug abuse program (RDAP), re-entry center (RRC), or a community correctional center (CCC) for the duration of his sentence.

A claim challenging the manner, location, or conditions of a sentence's execution must be brought under § 2241. Hernandez v. Campbell, 204 F.3d 861, 864 (9th Cir. 2000). A challenge to the manner in which a sentence is executed must be brought in a habeas petition pursuant to 28 U.S.C. § 2241. Tucker v. Carlson, 925 F.2d 330, 331 (9th Cir. 1991) (concerning whether the parole commission had improperly failed to credit the prisoner's federal sentence with time served in state custody). Thus, this Court has jurisdiction over Petitioner's claims, which concern the execution of his sentence.

A petitioner filing a petition for writ of habeas corpus under 28 U.S.C. § 2241 must file the petition in the judicial district of the petitioner's custodian. Brown v. United States, 610 F.2d 672, 677 (9th Cir. 1990). Petitioner named as Respondent the warden of

2

his institution of confinement, who is within this judicial district.  However, Respondent states that Petitioner's most recent custodian is Warden Paul Copenhaver.  (Ans., doc. 28 at 2.)

Respondent concedes that venue is proper in this district and that as to his claim concerning sentence computation, Petitioner has exhausted administrative remedies.  (Ans., doc. 28, 4-5.)  However, Respondent denies that Petitioner exhausted administrative remedies as to his claim concerning his prison placement, which Respondent contends should be dismissed.  (Id. at 4-5.)

The Court concludes it has subject matter jurisdiction over the claim concerning sentence computation and jurisdiction over the person of the Respondent.  Subject matter jurisdiction over Petitioner's claim concerning his prison placement will be discussed below.

In view of the fact that the acknowledged Respondent is Warden Paul Copenhaver, it is ORDERED that Warden Paul Copenhaver is SUBSTITUTED as Respondent pursuant to Fed. R. Civ. P. 25.[1]

II.  Factual Background

On September 13, 2007, Petitioner was arrested by police officers of St. Louis, Missouri, and charged with assault in the first degree and unlawful use of a weapon.  On the same date, he was released from custody pending application of warrants, which were later refused.  (Carr decl., ¶ 3; doc. 28-1 at 8-9, 11, 19.)

---

[1] Fed. R. Civ. P. 25(d) provides that when a public officer who is a party to a civil action in an official capacity dies, resigns, or otherwise ceases to hold office while the action is pending, the officer's successor is automatically substituted as a party. It further provides that the Court may order substitution at any time, but the absence of such an order does not affect the substitution.

On December 12, 2007, Petitioner was arrested by St. Louis County police for a state probation violation. (Carr decl., ¶4; doc. 28-1, 19.) This arrest placed Petitioner under the primary jurisdiction of state authorities in Missouri.

On January 10, 2008, after a probation violation hearing, Petitioner's probation was continued, and a term of one hundred and twenty days of shock incarceration was imposed as a condition of probation with credit for time served. (Carr decl., ¶ 4; doc. 28-1 at 11, 17, 19.) "Time served" was interpreted by the BOP to include all days from December 12, 2007, through January 9, 2008. (Carr decl., ¶4.)

On April 4, 2008, after serving 114 days of his 120 days, Petitioner was released from the custody of the state of Missouri into the custody of the U.S. Marshals Service on federal charges of felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). (Carr decl., ¶ 5; doc. 28-1, 21.) The conduct underlying this charge was the same conduct for which Petitioner was originally arrested by state authorities on September 13, 2007. (Id. at ¶ 3; doc. 28-1 at 33.)

On September 30, 2008, Petitioner was sentenced in the United States District Court, Eastern District of Missouri, to a seventy-seven-month term of imprisonment on the federal firearm possession charge. (Carr decl., ¶ 6; doc. 28-1 at 21.)

The BOP prepared a sentence computation for Petitioner, based on a term of seventy-seven months commencing September 30, 2008 – the date his sentence was imposed. A tentative full term (TFT) date was calculated by projecting seventy-seven months (6 years, 5 months) out from September 30, 2008. The TFT is the date Petitioner

would finish his sentence if he received no credit for prior custody, and if he received no GCT credits. Petitioner's TFT is February 28, 2015. (Carr decl., ¶ 7; doc. 28-1 at 34.)

The BOP then awarded Petitioner prior custody credit in the amount of 179 days, consisting of one day for the day spent in state custody on September 13, 2007, and 178 days for time spent in federal custody from April 5, 2008, the day after he was released from state custody, through September 29, 2008, the day prior to the imposition of sentence. The 179 days of prior custody credit were deducted from the TFT of February 28, 2015, resulting in an expiration full term (EFT) date of September 2, 2014. (Carr decl., ¶ 8.)

The BOP took into account Petitioner's earned and projected GCT. As of the time the answer was filed, Petitioner was projected to receive 160 days of GCT. An additional 176 days of GCT were disallowed due to disciplinary infractions. Deducting 160 days of projected GCT from an EFT of September 2, 2014, results in a projected GCT release date of March 26, 2014. (Carr decl., ¶ 10.)[2]

III. Mootness

Federal courts lack jurisdiction to decide cases that are moot because the courts' constitutional authority extends to only actual cases or controversies. Iron Arrow Honor Society v. Heckler, 464 U.S. 67, 70-71 (1983). Article III requires a case or controversy in which a litigant has a personal stake in the outcome of the suit throughout all stages of federal judicial proceedings and has

---

[2] On August 26, 2014, and March 27, 2015, Petitioner filed notices of change of address that appear to reflect a private address as opposed to an institution. Because Petitioner's sentence included a two-year period of supervised release, the Court will not presume that the release computation is moot.

5

suffered some actual injury that can be redressed by a favorable judicial decision. Id. A petition for writ of habeas corpus becomes moot when it no longer presents a case or controversy under Article III, § 2 of the Constitution. Wilson v. Terhune, 319 F.3d 477, 479 (9th Cir. 2003). A petition for writ of habeas corpus is moot where a petitioner's claim for relief cannot be redressed by a favorable decision of the court issuing a writ of habeas corpus. Burnett v. Lampert, 432 F.3d 996, 1000-01 (9th Cir. 2005) (quoting Spencer v. Kemna, 523 U.S. 1, 7 (1998)). Mootness is jurisdictional. See, Cole v. Oroville Union High School District, 228 F.3d 1092, 1098-99 (9th Cir. 2000). A moot petition must be dismissed because nothing remains before the Court to be remedied. Spencer v. Kemna, 523 U.S. 1, 18. A federal court has a duty to consider mootness on its own motion. Demery v. Arpaio, 378 F.3d 1020, 1025 (9th Cir. 2004).

    It could be argued that Petitioner's claim concerning computation of his release date is moot because the docket reflects that he has been released from custody. (Docs. 57, 62-63, notices of change of address filed August 26, 2014, and March 27, 2015.) However, the passage of a release date does not render a claim regarding the release date moot when the sentence includes a term of supervised release. The possibility that the sentencing court might use its discretion to reduce the term of supervised release under 18 U.S.C. § 3583(e) is sufficient to prevent the petition from being moot. Tablada v. Thomas, 533 F.3d 800, 802 n.1 (9th Cir. 2008), cert. den. 560 U.S. 964 (2010) (citing Mujahid v. Daniels, 413 F.3d 991, 994-995 (2005)).

Here, because Petitioner's sentence includes a two-year period of supervised release (doc. 28-1, 21), the claim is not moot.

IV. Sentence Computation

Petitioner is entitled to relief pursuant to 28 U.S.C. § 2241 if Petitioner is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); Rose v. Hodges, 423 U.S. 19, 21 (1975) (citing 28 U.S.C. § 2241).

A. Prior Custody Credit

It is the responsibility of the BOP to compute the time credit and release date of the Petitioner. With respect to credit for time served and the commencement of terms, 18 U.S.C. § 3585 provides as follows:

> (a) Commencement of sentence.--A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.
>
> (b) Credit for prior custody.--A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—
>
>   (1) as a result of the offense for which the sentence was imposed; or
>
>   (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

18 U.S.C. § 3585. Section 3585 does not authorize a district court to compute pre-sentence credit at the time of sentencing. The Attorney General, acting through the BOP, has the duty to compute

7

the credit allowed by § 3585(b). <u>United States v. Wilson</u>, 503 U.S. 329, 337 (1992).

A federal sentence may commence on the date it is imposed. <u>Schleining v. Thomas</u>, 642 F.3d 1242, 1249 (9th Cir. 2011), <u>cert. den.</u> 132 S.Ct. 2415 (2012). Here, Petitioner was in primary federal custody when sentence was pronounced; there is no reason for the sentence not to have commenced when it was imposed. As Respondent also notes, if the sentence were instead considered not to have begun until November 5, 2008, the post-sentencing time Petitioner spent in custody before that date would be credited against the sentence as presentence time. Thus, there would be no difference in the time ultimately credited to service of the sentence.

There is no merit to Petitioner's claim of entitlement to credit for time spent in shock incarceration from December 12, 2007 through April 4, 2008 because Petitioner was given credit for that time in his state case. To give Petitioner credit for this time against his federal sentence would be to award double credit - a result which is foreclosed by the clearly expressed intention of Congress in § 3585(b). <u>United States v. Wilson</u>, 503 U.S. at 337.

      B.   <u>Good Conduct Time Credits</u>

With respect to GCT credits, 18 U.S.C. § 3624(b) provides in pertinent part:

> (b) Credit toward service of sentence for satisfactory behavior.—
>
> (1) Subject to paragraph (2), a prisoner who is serving a term of imprisonment of more than 1 year other than a term of imprisonment for the duration of the prisoner's life, may receive credit toward the service of the prisoner's sentence, beyond the time served, of up to 54 days at the end of each year of the prisoner's term of imprisonment, beginning at the end of the first year

8

> of the term, subject to determination by the Bureau of Prisons that, during that year, the prisoner has displayed exemplary compliance with institutional disciplinary regulations. Subject to paragraph (2), if the Bureau determines that, during that year, the prisoner has not satisfactorily complied with such institutional regulations, the prisoner shall receive no such credit toward service of the prisoner's sentence or shall receive such lesser credit as the Bureau determines to be appropriate. In awarding credit under this section, the Bureau shall consider whether the prisoner, during the relevant period, has earned, or is making satisfactory progress toward earning, a high school diploma or an equivalent degree. Credit that has not been earned may not later be granted. Subject to paragraph (2), credit for the last year or portion of a year of the term of imprisonment shall be prorated and credited within the last six weeks of the sentence.
>
> (2) Notwithstanding any other law, credit awarded under this subsection after the date of enactment of the Prison Litigation Reform Act shall vest on the date the prisoner is released from custody.

18 U.S.C. § 3624(b).

Petitioner was thus eligible to earn up to 54 days of GCT for each year served. 18 U.S.C. § 3624(b). The BOP awards the credit at the end of each year of imprisonment except during the last year of the sentence in which, pursuant to the statute's directions concerning proration and credit, the calculation occurs during the last six weeks of the sentence. Records reflect that a total of 176 days of GCT have been forfeited as penalties for disciplinary infractions. Deducting an additional 160 days (the total that could potentially be earned) from Petitioner's EFT of September 2, 2014, resulted in a projected GCT release date March 26, 2014. Petitioner was released no later than August 2014, when he first notified the Court that his address had changed. The Court has no data before it

with which to evaluate the ultimate release date.  Petitioner has not shown that with respect to the BOP's computations that are before the Court, he was entitled to some percentage of time off his sentence that exceeds the allowable total of good conduct time credits permitted under § 3624(b).

A federal offender must serve one hundred percent of the sentence imposed with the sole statutory exception of good time credits.  <u>Barber v. Thomas</u>, 560 U.S. 474, 482 (2010).  The Supreme Court has specifically approved the BOP's method of calculating GCT credit in light of the disciplinary history of the offender and based on the length of time the prisoner has actually served, rather than the length of the sentence imposed.  <u>Id.</u> at 480-483.  It will, therefore, be recommended that Petitioner's claims concerning his sentence computation be denied.

V.   Classification Score and Custodial Placement

To the extent Petitioner contends his rights under the Eighth and Fourteenth Amendments have been violated by the BOP's failure to place Petitioner in a RDAP, RRC, or CCC, his petition is moot.  Because Petitioner has been released from physical custody and is serving only the supervised release portion of his sentence, there is no relief this Court can give with respect to Petitioner's placement.  Thus, the petition is moot as to this claim.

This Court also lacks jurisdiction to review the discretionary decision of the BOP regarding the custodial placement of a federal prisoner.  There is no subject matter jurisdiction in this Court to review individualized, discretionary determinations made by the BOP pursuant to 18 U.S.C. § 3621; however, judicial review remains available for allegations that BOP action is contrary to established

federal law, violates the Constitution, or exceeds statutory authority. <u>Reeb v. Thomas</u>, 636 F.3d 1224, 1228-29 (9th Cir. 2011).

Accordingly, it will be recommended that Petitioner's claim concerning his placement be dismissed.

### VI. Recommendations

Based on the foregoing, it is RECOMMENDED that:

1) The petition for writ of habeas corpus be DISMISSED in part for lack of subject matter jurisdiction, and otherwise be DENIED; and

2) Judgment be ENTERED for Respondent.

These findings and recommendations are submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the objections shall be served and filed within fourteen (14) days (plus three (3) days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.

///
///
///
///

Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **May 26, 2015**                                **/s/ Sheila K. Oberto**
                                                                  UNITED STATES MAGISTRATE JUDGE